**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



JOHNNY R. HUFF,

    Plaintiff,

v.                                    Civil Action No. 3:14CV349

MR. McCORMICK, <u>et al.</u>,

    Defendants.

### MEMORANDUM OPINION

Johnny R. Huff, a federal inmate proceeding <u>pro se</u> filed this 42 U.S.C. § 1983[1] action.  Under Federal Rule of Civil Procedure 4(m),[2] Huff had 120 days to serve the defendants. Here, that period commenced on September 22, 2014.  More than

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

120 days elapsed and Huff had not served the defendants. Accordingly, by Memorandum Order entered on February 6, 2015, the Court directed Huff to show good cause for his failure to serve Defendants.

District courts within the Fourth Circuit have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See McCollum v. GENCO Infrastructure Solutions, No. 3:10-CV-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1983)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at

2

service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W. Va. 1992)).

Huff responds that his failure to serve the defendants in a timely manner should be excused because:  (1) "he is still held in jail," (2) he assumed the Court would serve defendants; and, (3) he sent a copy of the lawsuit in the mail to "Petitioners." (ECF No. 14, at 1 (capitalization corrected).)   While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause.   Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D. Va. Jan. 24, 2012) (citing cases).   Thus, the simple fact of Huff's incarceration fails to excuse his failure to timely serve the defendants.

Additionally, Huff's erroneous assumption that the Court would serve the defendants fails to constitute good cause.   Huff is not proceeding in forma pauperis.   Thus, he was solely responsible for serving the defendants.   His ignorance or misunderstanding of that fact fails to constitute good cause. See Venable, 2007 WL 5145334, at *1 (quoting Vincent, 141 F.R.D. at 437).   Finally, Huff's vague statement that he mailed a copy of the lawsuit to someone fails to constitute good cause or

constitute proper service.   Accordingly, Huff has failed to demonstrate good cause to excuse his failure to serve the defendants or good cause to warrant an extension of time. Accordingly, Huff's Motion for Extension of Time (ECF No. 15) will be denied.

Huff's Motion to Compel Defendants to Respond to the Complaint (ECF No. 12) and Motion for Summary Judgment (ECF No. 10) will be denied.  Huff's Motion to Submit an Exhibit (ECF No. 11) will be granted.  The action will be dismissed without prejudice because Huff failed to timely serve the defendants.

The Clerk will be directed to mail a copy of this Memorandum Opinion to Huff.

/s/  REP

Robert E. Payne
Senior United States District Judge

Date: March 24, 2015
Richmond, Virginia

4